**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JUSTIN CHARLES CLAYBORNE,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-CV-03067** |
| | § | |
| **ROCKET MORTGAGE, LLC, f/k/a** | § | |
| **QUICKEN LOANS, LLC** | § | |
| | § | |
| *Defendant.* | § | |

**ROCKET MORTGAGE, LLC'S MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Rocket Mortgage, LLC ("Rocket Mortgage" or "Defendant") moves to dismiss Plaintiff's Complaint and respectfully shows the Court as follows:

**I.**
**INTRODUCTION**

This action, filed to stop an imminent foreclosure, is moot because the underlying mortgage loan has been paid in full and Rocket Mortgage's lien on the property located at 16311 Rapidcreek Drive, Houston, Texas 77053 has been released. Plaintiff filed suit on June 2, 2025, to enjoin a June 3, 2025 foreclosure sale; however, following full satisfaction of the loan on November 10, 2025, there is no remaining live controversy to support injunctive relief. Additionally, because Plaintiff's pleading asserts no cognizable cause of action against Rocket Mortgage and seeks only injunctive relief, dismissal is warranted under Rules 12(b)(1) and 12(b)(6).

**II.**
**FACTUAL BACKGROUND**

1. On June 2, 2025 Plaintiff filed his Emergency Verified Original Petition and Application for Temporary Restraining Order ("Complaint") in the 240th Judicial District of Fort Bend County,

Texas, seeking to halt a scheduled foreclosure sale of the property at 16311 Rapidcreek Drive, Houston, Texas 77053 (the "Property").

2.  Plaintiff, who alleged to be the legal heir of the borrower and the owner of the Property, alleging irreparable harm if the sale proceeded as scheduled for June 3, 2025.  *See* ECF No. 1-4 – "Complaint" ¶ IV

3.  The State Court denied Plaintiff's Application for A TRO, assumedly based on an April 9, 2025, in an earlier proceeding brought by Rocket Mortgage, the 240th Judicial District of Fort Bend County, Texas (the "District Court") entered a Final Judgment[1] authorizing Rocket Mortgage to proceed with the non-judicial foreclosure sale of the Property under Tex. Prop. Code § 51.002. *Id.*

4.  Despite the State Court's denial of the TRO, the Rocket Mortgage voluntarily cancelled the June 3, 2025 sale.

5.  On October 15, 2025, the Court entered an Order permitting Shakeatha Davis to withdraw as counsel of record for Plaintiff and directing Plaintiff to comply with all deadlines and rules pending the retention of substitute counsel (ECF No. 13). As of the date of this Motion, no substitute counsel has entered a Notice of Appearance, nor has Plaintiff participated *pro se*.

6.  On or about November 10, 2025, the Plaintiff reinstated the loan and Rocket Mortgage closed its foreclosure file. Subsequently, on March 12, 2026, the outstanding balance was paid in full, resulting in the release and discharge of Rocket Mortgage's lien.[2]

7.  Despite Rocket Mortgage's counsel's efforts to obtain a voluntary dismissal, Plaintiff has refused to dismiss this case or respond.

---

[1] *See* True and Correct copy of "Final Judgment" entered in *Rocket Mortgage v. Justin Charles Claiborne*, Cause No. 24-DCV-321982, 240th Judicial District of Fort Bend County, Texas, attached hereto as **Exhibit A.**

[2] *See* "Release of Lien," recorded on March 16, 2026, in the Official Public Records of Fort Bend County, Texas, as Document No. 2026025317, attached hereto as **Exhibit B.**

### III.
### ARGUMENT AND AUTHORITIES

Rocket Mortgage incorporates the foregoing as if fully set forth herein.

### A.    Dismissal Under Rule 12(b)(1) (Mootness)

Article III jurisdiction is lacking because the dispute over foreclosure no longer exists following full satisfaction of the loan and release of Rocket Mortgage's lien on November 10, 2025. With no live controversy or effective relief available regarding foreclosure, Plaintiff's request for injunctive relief is moot and the Court should dismiss under Rule 12(b)(1).

### B.    Dismissal Under Rule 12(b)(6)

Even if the Court finds that dismissal under Rule 12(b)(1) is inappropriate, Plaintiff's Complaint should be dismissed for failure to state a claim because it alleges no wrongful act by Rocket Mortgage and relies solely on a request for injunctive relief, which is not an independent action.   In order to survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  A 12(b)(6) motion is proper if either the Petition fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glas, Inc.*, 940 F.Supp.1026, 1030 (E.D. Tex. 1996). "However, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual allegations will not suffice to prevent the granting of a motion to dismiss." *Percival v. American Home Mortgage Corp.,* 469 F.Supp.2d 409, 412 (N.D. Tex. 2007). "[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *See Kane Enters v. MacGregor (USA), Inc.,* 322 F.3d 371, 374 (5th Cir. 2003). While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement belief, which "requires more than labels and conclusions, and a formulaic recitation of

the elements will not do." *Twombly*, 127 S. Ct. at 1964-1965; *see also Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).

"Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *See Frith v. Guardian Life Ins. Co. of Am.,* 9 F.Supp.2d 734, 737–38 (S.D.Tex.1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (abrogating the *Conley v. Gibson,* 355 U.S. 41 (1957) 'no set of facts' standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.; Nationwide Bi– Weekly Admin., Inc. v. Belo Corp.,* 512 F.3d 137, 140 (5th Cir. 2007).

### 1. Plaintiff's Complaint Fails to State a Claim Against Rocket Mortgage

Under Rule 8(a), a complaint must contain a short and plain statement showing entitlement to relief. Plaintiff's pleading identifies no cognizable cause of action, no wrongful act or omission by Rocket Mortgage, and no factual basis for relief. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). A 12(b)(6) motion is proper if the petition fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *Stewart Glass & Mirror, Inc. v. U.S.A. Glas, Inc.,* 940 F. Supp. 1026, 1030 (E.D. Tex. 1996). Conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual allegations do not suffice. *Percival v. American Home Mortgage Corp.*, 469 F. Supp. 2d 409, 412 (N.D. Tex. 2007). A plaintiff must plead specific facts, not mere conclusion allegations,

to avoid dismissal. *Kane Enters. v. MacGregor (USA), Inc.,* 322 F.3d 371, 374 (5th Cir. 2003). While allegations need not be overly detailed, labels and conclusions or a formulaic recitation of elements will not do. *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.,* 512 F.3d 137, 140 (5th Cir. 2007); See also Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 737–38 (S.D. Tex. 1998).

Plaintiff's Complaint pleads only a request to restrain the June 3, 2025 foreclosure sale based on generalized assertions of irreparable harm and does not state any cognizable claim or wrongful conduct by Rocket Mortgage.

To the extent Plaintiff seeks declaratory relief, such relief is not a stand-alone cause of action and requires a viable underlying substantive claim, which is absent here. *Carrie v. JPMorgan Chase Bank, N.A.*, No. 3:14-cv-3756-K, 2015 WL 11120991, at *9 (N.D. Tex. June 29, 2015); *MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009); *Cody v. Bank of New York,* 2015 WL 5883374, at *5 (W.D. Tex. Oct. 8, 2015) (citing Collin County, Tex. v. HAVEN, 915 F.2d 167, 170 (5th Cir. 1990)); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-cv-0860-D, 2011 U.S. Dist. LEXIS 91173, at *21, 2011 WL 3606688 (N.D. Tex. Aug. 16, 2011).

## 2. Injunctive/Declaratory Relief is Not an Independent Claim

Injunctive and declaratory relief are remedies, not independent causes of action, and require a plausible underlying claim. *Carrie*, 2015 WL 11120991, at *9; *MetroPCS,* 2009 WL 3075205, at *19; *Cody,* 2015 WL 5883374, at *5 (citing *HAVEN*, 915 F.2d at 170); *Turner,* 2011 U.S. Dist. LEXIS 91173, at *21.

Plaintiff seeks only to enjoin foreclosure based on conclusory allegations of irreparable harm and identifies no substantive cause of action supporting such relief. With the loan fully repaid

and the lien released, there is no basis for prospective injunctive relief related to foreclosure. Because Plaintiff fails to meet the pleading requirements of Rule 8(a) and fails to allege any cause of action upon which relief can be granted, the Complaint must be dismissed.

### C. Dismissal with Prejudice

The Court should dismiss Plaintiff's Complaint with prejudice as any amendment to the pleadings would be futile. *See SB. Intern., v. Jindal,* 2007 WL 2410007, * at 3 (N.D. Tex. Aug. 23, 2007)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Abruzzo v. PNC Bank, N.A.,* 2012 WL 3200871, at *3 (N.D. Tex. July 30, 2012) (denying leave to amend with respect to claims that fail as a matter of law). Even accepting Plaintiff's allegations as true, he cannot assert a viable cause of action against Rocket Mortgage. Accordingly, dismissal with prejudice is appropriate.

### IV.
### CONCLUSION

For the foregoing reasons, Rocket Mortgage respectfully requests that the Court grant this Motion to Dismiss, dismiss Plaintiff's Complaint with prejudice, and award such other and further relief to which Rocket Mortgage is justly entitled.

Respectfully submitted,

By:   /s/ *Kyle E. Pietrzak*
      Kyle E. Pietrzak
      State Bar No. 24120601
      Robert D. Forster, II
      State Bar No. 24048470
      BARRETT DAFFIN FRAPPIER
      TURNER & ENGEL, LLP
      4004 Belt Line Road, Ste. 100
      Addison, Texas 75001
      (972) 386-5040
      (972) 341-0734 (Facsimile)
      KyleP@bdfgroup.com
      RobertFO@bdfgroup.com

      ATTORNEYS FOR DEFENDANT

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 6th day of April 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

*Via US MAIL*
Justin Clayborne
16311 Rapidcreek Dr.
Houston, TX 77053
Plaintiff *Pro Se*

*/s/ Kyle E. Pietrzak*
Kyle E. Pietrzak